IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CEDRIC RUSSELL                                                                                          MOVANT

v.                                                                                                  No. 2:06CR123-M-A

UNITED STATES OF AMERICA                                                                          RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* motion of Cedric Russell to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion shall be denied.

**Facts and Procedural Posture**

On February 21, 2007, the defendant Cedric Russell pled guilty to count one of a single-count indictment charging him with distributing in excess of 50 grams of crack cocaine in violation of 21U.S.C. § 841(a) and (b)(1)(A). Prior to the sentencing hearing, the United States Probation Service issued a presentence report, which included a section taking into account the "safety valve" provision set forth in 18 U.S.C. § 3553(f). However, the government objected to the use of the "safety valve" provision since the defendant had failed to cooperate as required by 18 U.S.C. § 3553(f)(5). Following the government's objection, reference to the "safety valve" provision was removed from the presentence report. At the sentencing hearing, on May 23, 2007, the defendant was sentenced to 120 months imprisonment, the minimum allowed by the statute under which the defendant was charged. On November 26, 2007, Russell filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging

ineffective assistance of counsel based on the claim that his attorney failed to argue for use of the "safety valve" provision at sentencing. The movant also filed a motion to reduce sentence under 18 U.S.C. § 3582. That motion is currently pending before the court.

## Ineffective Assistance of Counsel

In order to show that his counsel was constitutionally ineffective, Russell must prove that counsel's performance was deficient – and that the deficiency prejudiced his legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, Russell must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Russell "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, Russell must demonstrate that the result of the proceedings would have been different – or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

In the present case, Russell argues that he was eligible for a lower sentence under the "safety valve" provision of 18 U.S.C. § 3553(f), but counsel failed to make this argument to the court. Russell did not, however, meet the statutory criteria of § 3553(f), which requires that:

(1) the defendant has no more than one criminal history point;

(2) the defendant did not use violence or possess a firearm in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and

(5) *not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.*

18 U.S.C. § 3553(f)(1)-(5) (emphasis added). Russell, however, did not abide by the requirement in subsection five; he did not cooperate with the government – refusing to give any information regarding his source for the drugs he sold leading to his federal prosecution. For this reason the government objected to the two-point reduction recommended in the presentence report. Following the government's objection, the United States Probation Service removed the paragraph regarding the "safety valve" provision from the presentence report. Thus, the "safety valve" provision of § 3553(f) did not apply to Russell, and counsel cannot be faulted for failing to raise a meritless objection. *Smith v. Puckett*, 907 F.2d 581, 585 n.6. As such, Russell's sole claim for relief is without merit and shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of September, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**